IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rashawn S. Murphy, ) | Case No. 4:19-cv-02803-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael Stephen, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On December 10, 2019, Respondent filed a Return and Memorandum and Motion for Summary Judgment. ECF Nos. 18, 19. Petitioner filed a response in opposition. ECF No. 31. On April 24, 2020, the Magistrate Judge issued a Report recommending that the motion be granted and the Petition be denied. ECF No. 33. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections, and the time to do so has lapsed.[1]

---

[1] On May 11, 2020, Petitioner filed a motion for extension of time requesting 45 additional days to file objections to the Report. The Court granted the motion making his

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As previously stated, Petitioner did not file objections to the Report. Accordingly, the Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, the Motion for Summary Judgment [19] is **GRANTED** and the Petition is **DENIED**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

objections due by June 22, 2020. To date, Petitioner has not filed objections to the Report.

§ 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/ Donald C. Coggins, Jr.
United States District Judge

July 21, 2020
Spartanburg, South Carolina